IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJAIB SINGH,<br><br>    Plaintiff,<br>v.<br><br>EDUARDO AGUIRRE, JR., Director, United States Citizenship and Immigration Services,<br><br>    Defendant | No. C-04-1282 MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; VACATING HEARING**<br><br>(Docket Nos. 24, 28) |

    Plaintiff Ajaib Singh brings this action to seek judicial review of the United States Citizenship and Immigration Services's ("USCIS") decisions to deny plaintiff's petitions seeking "following to join" benefits, pursuant to 8 U.S.C. § 1158(b)(3), on behalf of four of plaintiff's children.

    Before the Court are plaintiff's motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, and defendant Eduardo Aguirre, Jr.'s cross-motion for summary judgment. Having considered the papers filed in support of and in opposition to the motions, the Court hereby deems the matter suitable for decision on the papers, VACATES the hearing scheduled for April 29, 2005, and rules as follows.

## BACKGROUND

    On April 19, 1999, plaintiff, a citizen of India, filed with the Immigration and Naturalization Service ("INS") an application for asylum in the United States. (See

Administrative Record ("AR") 49-57.)[1]  On March 16, 2001, an immigration judge granted plaintiff's application for asylum.  (See Compl., filed April 1, 2004, Ex. A).[2]

On July 15, 2002, plaintiff filed four Refugee/Asylee Relative Petitions, one on behalf of each of four children, specifically, Davinder Kaur ("Davinder"), Harjit Singh ("Harjit"), Daljinder Kaur ("Daljinder"), and Jaswinder Singh ("Jaswinder"),[3] seeking asylum on behalf of the children, pursuant to 8 U.S.C. § 1158(b)(2).  (See AR 1-22.)[4]  On September 7, 2002, the INS approved each of the four petitions, and informed plaintiff that the approval notices would be forwarded to the Department of State National Visa Center, and that the consulate having jurisdiction over the area where plaintiff's children resided would contact plaintiff's children regarding procedures to be followed for their travel to the United States. (See Compl. Ex. B.)

On November 6, 2002, the INS advised plaintiff's children to appear at an interview to be conducted by the INS in New Delhi, and to provide certain documentation.  (See Kaufman Decl., filed March 1, 2005, Ex. A.)  At the interview, plaintiff's children provided, inter alia, their passports issued by the Republic of India.  (See id. Ex. B.)

On May 13, 2004, the USCIS, an agency within the Department of Homeland Security,[5] notified plaintiff that it had "reopen[ed]" proceedings on plaintiff's petitions.  (See AR 23.)  The USCIS informed plaintiff that an USCIS investigator in India had determined

---

[1] The Administrative Record is Exhibit A to the Declaration of Edward A. Olsen, filed March 25, 2005.

[2] On October 28, 2004, plaintiff filed a First Amended Complaint ("FAC"), incorporating therein the exhibits attached to his original complaint.  (See, e.g., FAC ¶ 3.)

[3] Plaintiff also has a fifth child, Sukhwinder Singh.  (See AR 87.)  All further references to "children" are references to the four children on whose behalf plaintiff submitted petitions for asylum.

[4] Plaintiff also filed a petition on behalf of his wife.  (See Compl. ¶ 7.) Plaintiff, in his FAC, does not seek review of any decision that may have been rendered on that petition.

[5] "The INS ceased to exist as an independent agency and delegate of the Attorney General within the Department of Justice on March 1, 2003, when its functions . . . were transferred to the Department of Homeland Security."  De Lara Bellajaro v. Schiltgen, 378 F. 3d 1042, 1043 n. 1 (9th Cir. 2004).

2

that the birth certificates and school documents submitted on behalf of plaintiff's children were "fraudulent," and that the results of a "bone-age test" conducted on Davinder indicated that she was "above twenty-two years of age." (See id.) The USCIS also informed plaintiff that there were "major discrepancies" between each child's date of birth as provided, on the one hand, in the petitions plaintiff filed on the children's behalf and, on the other hand, in plaintiff's earlier-filed application for asylum, and that it was "incumbent" on plaintiff to explain such discrepancies. (See AR 24.) Lastly, the USCIS advised plaintiff of its intent to deny the petitions based on the above-referenced information, and afforded plaintiff the opportunity to respond to the notice, to which the USCIS attached a copy of plaintiff's application for asylum. (See id.)

On June 23, 2004, plaintiff requested a copy of "all investigative and medical reports, and other evidence considered in the adjudication of the his [sic] asylee relative petitions, and the applications for travel documents made by the children to the USCIS Officer in Charge in New Delhi." (See FAC Ex. B.) On July 9, 2004, the USCIS provided plaintiff with a copy of a 34-page document described by USCIS as a "Memorandum dated March 11, 2004 from Kathy A. Redman, Officer in Charge, Department of Homeland Security, Immigration Bureau, American Embassy, New Delhi, India, with Report of Investigation and supporting evidence regarding the [petitions]." (See AR 58.)

On July 22, 2004, plaintiff filed a response to the USCIS's May 13, 2004 notice, and submitted additional evidence. (See AR 98-106.) Specifically, plaintiff submitted a three-page letter, setting forth arguments as to why, in plaintiff's view, each of the grounds set forth in the USCIS's notice was not well-taken. (See AR 98-100.) Additionally, plaintiff offered a copy of Daljinder's birth certificate,[6] as well as a declaration from plaintiff's wife, in which plaintiff's wife set forth the date and place of birth of each of the four children, explained how she obtained the subject birth certificates and school records, and stated

---

[6] In actuality, Daljinder's birth certificate was not new evidence. Rather, as plaintiff explained to the USCIS, plaintiff obtained the certificate from Daljinder's USCIS file by a request under the Freedom of Information Act.

that she had submitted the same birth certificates to Indian officials who subsequently issued the children's passports. (See AR 101-06.)

On September 28, 2004, the USCIS issued four Decisions, each corresponding to one of the petitions filed by plaintiff, informing plaintiff that each petition was denied on the basis that plaintiff had failed to meet his burden to establish the child was eligible for the benefits sought. (See AR 107-114.) Each Decision also informed plaintiff that, in the event plaintiff could "overcome the grounds for denial," plaintiff could "submit a new petition with the appropriate documentation." (See id.)

**DISCUSSION**

Where the USCIS has granted asylum to an alien, the USCIS may grant a "child" of such alien the "same status as the alien." See 8 U.S.C. § 1158(b)(2). A "child," for purposes of § 1158(b)(2), is "an unmarried person under twenty-one years of age." See 8 U.S.C. § 1101(b)(1). "The burden of proof is on the principal alien to establish by a preponderance of the evidence that any person on whose behalf he or she is making a request under [§ 1158(b)(2)] is an eligible . . . child." 8 C.F.R. § 208.21(f).

In his FAC, plaintiff alleges that the USCIS, "in revoking approval of plaintiff's petition[s], has acted arbitrarily, capriciously, and not in accordance with law." (See FAC ¶ 11.) In his motion for summary judgment, plaintiff clarifies the bases for such allegation. Specifically, plaintiff argues that the findings supporting the decisions are not supported by substantial evidence, (see Pl.'s Mot. for Summ. J., filed March 1, 2005, at 5:5-6. at 7:3-4), and that the USCIS denied him a fair hearing, (see id. at 5:2).

**A. Substantial Evidence**

The USCIS's May 13, 2004 notice informed plaintiff that the USCIS was considering denial of the petitions based on the following information: (1) plaintiff had given inconsistent information as to the dates of birth of each of the four children; (2) a USCIS investigator had determined that the birth certificates and school documents offered on behalf of the children were fraudulent; and (3) the results of a bone-age test conducted on Davinder indicated she was more than 22 years of age. As noted, the USCIS, after plaintiff

4

responded to the notice, found plaintiff had failed to show the USCIS lacked valid grounds on which to deny the petitions.

In his motion, plaintiff argues that substantial evidence does not exist to support the USCIS's finding that the children are not entitled to benefits under § 1158(b)(2). The Court, for the reasons discussed below, disagrees.

First, plaintiff did not provide the USCIS with any explanation for the major discrepancies between the dates of birth he provided in his asylum petition, filed on May 18, 1999, and the dates of birth he provided in the petition submitted on behalf of the children, filed on July 15, 2002. The discrepancies were as follows:

| Child | Plaintiff's May 18, 1999 Petition | Plaintiff's July 15, 2002 Petitions |
|---|---|---|
| Davinder | September 10, 1972 | December 26, 1981 |
| Jaswinder | December 20, 1975 | July 19, 1983 |
| Daljinder | July 13, 1978 | December 31, 1984 |
| Harjit | May 29, 1981 | May 29, 1986 |

(See AR 1-2, 6-7, 12-13, 18-19, 88-89.) The materiality of the discrepancies is obvious; for example, plaintiff claimed Davinder was more than nine years younger than plaintiff originally had claimed. If the dates of birth represented by plaintiff to be accurate in 1999 are, in fact, accurate, each child was 21 years of age or older on July 15, 2002, and thus was ineligible for benefits under 8 U.S.C. § 1158(b)(3).

In responding to the May 13, 2004 notice, plaintiff's sole attempt to explain away the discrepancies was his argument that it was "arbitrary" for the USCIS to rely on the discrepancies because the "conflict in information was known to the USCIS" when it initially approved the petitions on September 7, 2002. (See AR 100.) Not surprisingly, the USCIS was not persuaded by this contention. The administrative record includes notations that the USCIS, at the time it initially considered whether to approve the children's petitions, did

not consider plaintiff's "A-File,"[7] in which plaintiff's 1999 asylum petition would have been contained. (See AR 1, 6, 12, 18.) In any event, even if the USCIS had considered plaintiff's asylum petition when it initially approved the children's petitions, "the realization by the district director [of the USCIS] that he erred in approving the petition, however arrived at, may be good and sufficient cause for revoking his approval, provided the district director's revised opinion is supported by the record." See Matter of Ho, 19 I. & N. Dec. 582, 590 (1988) (observing "evidence considered by the district director may take on new significance when viewed from a different perspective"). In sum, plaintiff's failure to offer any explanation for his discrepant statements as to the material issue of the dates of birth is, by itself, sufficient to support the USCIS's denial of the petitions. See, e.g., Spencer Enterprises, Inc. v. United States, 229 F. Supp. 2d 1025, 1037-38 (E.D. Cal. 2001) (holding, where petitioner for visa was given opportunity to correct deficiencies and inconsistencies in her petition, and failed to adequately do so, INS "did not abuse its discretion in finding that based on the various discrepancies and inconsistencies, [petitioner's] documents lacked credibility").

Second, with respect to the investigator's finding that the birth certificates and school documents submitted on behalf of the children were fraudulent, plaintiff, relying on Matter of Arias, 19 I. & N. Dec. 568 (1988), argues that such finding is unsupported because the investigator did not disclose the names of the persons who advised the investigator that the documents were not authentic. See id. at 570 (stating "where notice of intention to revoke is based upon an unsupported statement . . . revocation of the visa petition cannot be sustained"). Plaintiff's reliance on Matter of Arias is misplaced. Here, the investigator's report includes the names, job titles, and places of employment of two of the four officials, who reported the documents were fraudulent, specifically,

---

[7] The term "A File" is a reference to the "alien file" maintained by the USCIS as to each alien. See, e.g., United States v. Scantleberry-Frank, 158 F. 3d 612, 616-17 (1st Cir. 1998) ("An INS A-File identifies an individual by name, aliases, date of birth, and citizenship, and all records and documents related to the alien are maintained in that file."), cert. denied, 525 U.S. 1158 (1999).

(1) "Gopichard," identified as the principal of the "Government Middle School, Landhran, Jalandhar," the school Harjit is claimed to have attended in March 2000 and (2) "Namrita Sharma," identified as the principal of the "M.G. Arya Kanya Sen. Sec. School, Apra, Jalandhar, the school Davinder is claimed to have attended in March 1999, (see AR 26-27), and as to the remaining two officials to whom the investigator spoke, the investigator identified both by their job title and place of employment, specifically, (1) the "superintendent" of the "Additional Registrar Births and Deaths" in Nawanshahr, Punjab, the office by which the children's birth certificates reportedly were issued and (2) the "principal" of "Government High School, Nagar, Jalandhar," the school Jaswinder is claimed to have attended in March 2000. (See id.)[8]

Plaintiff further challenges the investigator's finding on the ground that the investigator's report contains two documents that are written in what appears to be Punjabi. (See AR 75, 77.) Plaintiff relies on 8 U.S.C. § 103.2(b)(3), which provides that "[a]ny document containing foreign language submitted to the Service shall be accompanied by a full English language translation . . . ." See 8 U.S.C. § 103.2(b)(3) (emphasis added). Nothing in the cited regulation, however, imposes a duty on the USCIS to translate documents submitted to a petitioner. In any event, even if the regulation could be interpreted in the manner suggested by plaintiff, plaintiff fails to show he was prejudiced by any such absence of translation. Indeed, the USCIS's notice did not purport to rely on either of the untranslated documents as a ground for denial. See, e.g., United States v. Cerda-Pena, 799 F. 2d 1374, 1378-79 (9th Cir. 1986) (holding, in context of criminal proceeding for illegally reentering United States, party asserting violation of regulation by

---

[8] Each of the school officials who reported that the school documents were fraudulent advised the USCIS investigator that the "roll number" on the school document submitted by plaintiff was not a roll number assigned to that particular school for the period of time in which the child claimed to have attended the school. (See AR 26-27.) Plaintiff argues that because such discrepancies can be attributed to "clerical error," (see Pl.'s Mot. at 7:21-24), the statements by the school officials do not support a finding the documents are fraudulent. Plaintiff fails to explain how three different schools in three different cities could, as a result of a "clerical error," engage in the same type of mistake, specifically, assigning a roll number to a student, even though that roll number had not been assigned to the school for the period in question.

7

1  INS must demonstrate such violation "harmed the alien's interests in such a way as to
2  affect potentially the outcome of [the] proceeding") (internal quotation and emphasis
3  omitted).

4  Third, plaintiff challenges the USCIS's reliance on the medical report reflecting the
5  results of a bone-age test conducted on Davinder, observing the report itself discloses that
6  the test is, under normal circumstances, 85 - 95 % accurate. (See AR 48 ("[I]n the absence
7  of disease, physical growth disorders, etc., the bone age as estimated should be correct in
8  85 - 95 % of individuals.").) Plaintiff cites no authority to support his argument that the
9  USCIS may not rely on results of a test that, in the absence of certain specified medical
10  conditions, is correct 85 - 95 % of the time. Further, the USCIS did not rely solely on the
11  bone-age test to deny the petition plaintiff submitted on behalf of Davinder, but also relied
12  on plaintiff's inconsistent statements as to Davinder's date of birth and the statements by
13  Indian officials that her birth certificate and school documents were fraudulent.

14  Finally, plaintiff argues that the USCIS could not rely on any of the above-referenced
15  evidence because Indian officials had issued passports to the children, which passports,
16  according to plaintiff's wife, were issued in reliance on the very birth certificates found by
17  the USCIS to be fraudulent. (See AR 105.) Citing United States v. Chemical Foundation,
18  272 U.S. 1 (1926), plaintiff reasons that because the Indian officials who issued the
19  passports must have concluded the birth certificates were not fraudulent, he is entitled to a
20  presumption that the information in the passports is correct. See id. at 14-15 (recognizing
21  "presumption of regularity" as to official acts of public officers). Assuming a presumption of
22  regularity applies to the acts of foreign officials, such presumption is rebuttable. See id.
23  Here, the USCIS essentially found any such presumption to have been rebutted in light of
24  its investigator's determination that the birth certificates used to obtain the passports were
25  fraudulent.

26  Accordingly, the Court finds that substantial evidence supports the USCIS's
27  decisions to deny the petitions filed by plaintiff on July 15, 2002.
28  //

**B. Fair Hearing**

Plaintiff argues that the USCIS's denial of the petitions was arbitrary and capricious because the USCIS, in adjudicating the petitions, did not comply with 8 C.F.R. § 103.2(b). Section 103.2(b) provides, in relevant part, that "[a]n applicant or petitioner must establish eligibility for a requested immigration benefit," and that "[a]ny evidence submitted is considered part of the relating application or petition." See 8 C.F.R. § 103.2(b)(1).

Plaintiff observes that the administrative record provided by defendant does not contain references to the interview of the children, which, as noted, was scheduled to be held in November 2002. Specifically, plaintiff points to the absence in the administrative record of notes or records detailing the testimony given by the children at the interview or the nature of the evidence submitted, such as their passports, as well as other information pertaining to the interview, such as the name of the officer who conducted the interview.

Assuming, arguendo, the failure to place such information in the administrative record constitutes a violation of § 103.2(b), plaintiff, in order to be entitled to relief based thereon, must demonstrate that the failure to comply with the regulation deprived plaintiff of a fair hearing. In that regard, however, plaintiff does not argue that he was precluded in any manner from presenting evidence relevant to the petitions or in any other fashion limited in his opportunity to be heard. Rather, plaintiff argues, in essence, that the above-referenced evidence submitted at the interviews establishes eligibility for asylum and, hence, there is a lack of substantial evidence to support denial. The Court disagrees. As discussed above, the record contains substantial evidence to support the decision to deny the petitions. To the extent plaintiff may be arguing that the record is incomplete, plaintiff has not expressly sought to expand it, and, to the extent plaintiff has submitted additional evidence, the Court has considered it.[9]

Accordingly, plaintiff has failed to show that he was deprived of a fair hearing.

//

---

[9] Plaintiff, for example, has submitted copies of relevant pages from each child's passport. (See Kaufman Decl. Ex. B.)

**CONCLUSION**

For the reasons stated above:

1. Plaintiff's motion for summary judgment is hereby DENIED; and

2. Defendant's cross-motion for summary judgment is hereby GRANTED.

The Clerk of the Court shall enter judgment in favor of defendant.

**IT IS SO ORDERED.**

Dated: April 25, 2005                              /s/ Maxine M. Chesney
                                                   MAXINE M. CHESNEY
                                                   United States District Judge